## MATTER OF GARCIA-GARROCHO

In Exclusion Proceedings

A-22772614

*Decided by Board December 5, 1986*

(1) Section 243(h)(2)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1253(h)(2)(B) (1982), provides that withholding of deportation shall not apply to an alien who, having been convicted of a particularly serious crime, constitutes a danger to the community.

(2) A particularly serious crime is one that, by its nature, represents a danger to the community.

(3) Crimes that are inherently "particularly serious" satisfy, on their face, the requirements of the exclusionary bar under section 243(h)(2)(B) of the Act.

(4) A New York State conviction for residential burglary in the first degree is per se a "particularly serious" crime because the statute involves one or more aggravating circumstances including physical injury or potentially life threatening acts.

EXCLUDABLE: Act of 1952—Sec. 212(a)(9) [8 U.S.C. § 1182(a)(9)]—Crime involving moral turpitude

Sec. 212(a)(20) [8 U.S.C. § 1182(a)(20)]—No valid immigrant visa

ON BEHALF OF APPLICANT:
Pro se

ON BEHALF OF SERVICE:
Steven R. Riemer
General Attorney

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

In a decision dated October 30, 1985, an immigration judge found the applicant excludable under sections 212(a)(9) and (20) of the Immigration and Nationality Act, 8 U.S.C. §§ 1182(a)(9) and (20) (1982), denied his renewed requests for asylum and withholding of deportation under sections 208(a) and 243(h) of the Act, 8 U.S.C. §§ 1158(a) and 1253(h) (1982), and ordered him excluded and deported from the United States. The applicant has appealed. The appeal will be dismissed.

The applicant is a 29-year-old native and citizen of Cuba who arrived at Key West, Florida, on May 15, 1980, and was subsequently

paroled into the United States. At his exclusion hearing, begun on October 4, 1985, and completed on October 30, 1985, the applicant was advised of the nature of the proceedings, his right to be represented by counsel, the availability of free legal services, and his right to request a continuance of the hearing to afford him the opportunity to obtain counsel. The hearing was continued until October 30, 1985, for this purpose. The applicant again appeared without counsel and the proceedings were completed. We are satisfied that the applicant was afforded his right to obtain counsel and that his exclusion hearing was fair. *See Ramirez v. INS*, 550 F.2d 560 (9th Cir. 1977); *Matter of Santos*, 19 I&N Dec. 105 (BIA 1984); *Matter of Gutierrez*, 16 I&N Dec. 226 (BIA 1977).

We further find that the immigration judge properly concluded from the applicant's admissions that he was an intending immigrant without the required documents and was therefore excludable under section 212(a)(20) of the Act. *See Matter of Castellon*, 17 I&N Dec. 616 (BIA 1981). We are also satisfied that the record establishes the applicant's excludability under section 212(a)(9) of the Act since it contains a certified true copy of a conviction record which reflects that the applicant was convicted on a plea of guilty in the State of New York on June 17, 1981, of burglary in the first degree and was sentenced to prison for an indeterminate period of 4 to 12 years. *See Matter of Leyva*, 16 I&N Dec. 118 (BIA 1977).

The applicant renewed his requests for asylum and withholding of deportation during his hearing. His Request for Asylum in the United States (Form I-589) was supported by a copy of the form motion to reopen discussed in our decision in *Matter of Rodriguez-Coto*, 19 I&N Dec. 208 (BIA 1985). The applicant claimed that he would be imprisoned or killed if returned to Cuba because of his departure from Cuba and his refusal to serve in the Cuban army in either Angola or Ethiopia. The immigration judge denied the applicant's requests for asylum and withholding of deportation, concluding that he had failed to establish a well-founded fear of persecution if returned to Cuba and that he was not eligible for withholding of deportation and did not warrant asylum in the exercise of discretion on the basis of his conviction for burglary in the first degree, which the immigration judge considered to be a "particularly serious crime" under section 243(h)(2)(B) of the Act.

Section 243(h)(2)(B) provides in pertinent part that withholding of deportation shall not apply to any alien if the Attorney General determines that "the alien, having been convicted by a final judgment of a particularly serious crime, constitutes a danger to the community of the United States." We have previously held that the statutory exclusionary clause for a "particularly serious crime"

relates only to the nature of the crime itself and that it does not vary with the nature of the evidence of persecution. *Matter of Rodriguez-Coto, supra.* The exclusionary clause for a "particularly serious crime" represents Congress' view that an alien who has been convicted of such a crime constitutes a danger to the community of the United States and is unworthy and undeserving of protection, notwithstanding the possible validity of his persecution claim. *See Matter of Carballe,* 19 I&N Dec. 357 (BIA 1986).

The determination of whether a conviction is for a "particularly serious crime" essentially turns on whether the crime is one that, by its nature, represents a danger to the community. We have recognized that certain crimes are inherently "particularly serious" and on their face satisfy the requirements of the exclusionary bar embodied in section 243(h)(2)(B) of the Act. *See id.; Matter of Frentescu,* 18 I&N Dec. 244 (BIA 1982). Such crimes are per se "particularly serious," requiring no further inquiry into the nature and circumstances of the underlying conviction.

The applicant before us was convicted of burglary in the first degree in violation of section 140.30 of New York Penal Law. This section provides as follows:

> A person is guilty of burglary in the first degree when he knowingly enters or remains unlawfully in a dwelling with intent to commit a crime therein, and when, in effecting entry or while in the dwelling or in immediate flight therefrom, he or another participant in the crime:
>
> > 1. Is armed with explosives or a deadly weapon; or
> >
> > 2. Causes physical injury to any person who is not a participant in the crime; or
> >
> > 3. Uses or threatens the immediate use of a dangerous instrument; or
> >
> > 4. Displays what appears to be a pistol, revolver, rifle, shotgun, machine gun, or other firearm; except that in any prosecution under this subdivision, it is an affirmative defense that such pistol, revolver, rifle, shotgun, machine gun or other firearm was not a loaded weapon from which a shot, readily capable of producing death or other serious physical injury, could be discharged. Nothing contained in this subdivision shall constitute a defense to a prosecution for, or preclude a conviction of, burglary in the second degree, burglary in the third degree or any other crime.
>
> Burglary in the first degree is a Class B felony.

N.Y. Penal Law § 140.30 (McKinney 1981).

In recognition of the seriousness of this crime and its inherent potential for great bodily harm to the victims, this section provides that burglary in the first degree is limited to residential burglary involving one or more of the enumerated aggravating circumstances. We note in this regard that burglary of a building, as distinguished from a dwelling, involving one or more of the enumerated aggravating circumstances, constitutes burglary in the second

degree. N.Y. Penal Law § 140.25 (McKinney 1981). Burglary in the third degree involves a building without any aggravating circumstances. N.Y. Penal Law § 140.20 (McKinney 1965).

We find that the applicant's conviction for burglary in the first degree is within the category of crimes that are per se "particularly serious." Under section 140.30 of New York Penal Law, the applicant's conviction required a finding that he accomplished his crime by one or more of the enumerated aggravating circumstances, all of which involve physical injury or potentially life-threatening acts. The crime for which the applicant was convicted clearly demonstrates his propensity for violent, anti-social behavior and total disregard for the inherent potential risk of extreme violence and physical harm to others. On its face, this crime is "particularly serious." We conclude, as did the immigration judge, that the applicant is statutorily ineligible for withholding of deportation based on his conviction for burglary in the first degree and that he does not warrant asylum in the exercise of discretion. We are satisfied that his 1981 conviction was for a "particularly serious crime," representing criminal behavior "which constitutes a danger to the community of the United States." See section 243(h)(2)(B) of the Act; 8 C.F.R. § 208.8(f)(1)(iv) (1985); Matter of Carballe, supra; Matter of Frentescu, supra.

Moreover, even if the applicant were not statutorily ineligible for withholding of deportation under the provisions of section 243(h)(2)(B) of the Act as the result of his conviction for a "particularly serious crime," we conclude on the basis of the considerations discussed in Matter of Leon-Orosco and Rodriguez-Colas, 19 I&N Dec. 136 (BIA 1983; A.G. 1984), that the applicant has not otherwise shown that his persecution claim, based on his departure from Cuba and his refusal to serve in the military in Angola and Ethiopia, is well founded. The applicant has presented no objective evidence which demonstrates that he, as an individual, would be singled out and targeted for persecution. See INS v. Stevic, 467 U.S. 407 (1984); Rejaie v. INS, 691 F.2d 139 (3d Cir. 1982); Moghanian v. United States Department of Justice, 577 F.2d 141 (9th Cir. 1978); Matter of Acosta, 19 I&N Dec. 211 (BIA 1985). There is no evidence which suggests that the applicant was ever persecuted or that the likelihood exists that he will be persecuted if returned to Cuba.

Accordingly, the appeal will be dismissed.

**ORDER:** The appeal is dismissed.