# MATTER OF C-

## In Deportation Proceedings

### A-27265741

### *Decided by Board May 28, 1992*

(1) The analysis presented in *Matter of Frentescu*, 18 I&N Dec. 244 (BIA 1982), and followed in *Beltran-Zavala v. INS*, 912 F.2d 1027 (9th Cir. 1990), among other cases, for determining whether a conviction is for a "particularly serious crime" has been superseded in part by Congress through amendment of section 243(h)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1253(h)(2) (1988), by section 515(a)(2) of the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978, 5053 (effective Nov. 29, 1990).

(2) With respect to any application for withholding of deportation made on or after November 29, 1990, where the conviction in question is for an aggravated felony within the meaning of the Act, the conviction must be deemed to be for a particularly serious crime without regard to the analysis set forth in *Matter of Frentescu, supra*. *Matter of U-M-*, 20 I&N Dec. 327 (BIA 1991), *aff'd*, 989 F.2d 1085 (9th Cir. 1993); *Matter of Gonzalez*, 19 I&N Dec. 682 (BIA 1988); *Matter of Garcia-Garrocho*, 19 I&N Dec. 423 (BIA 1986), *modified, Matter of Gonzalez, supra; Matter of Carballe*, 19 I&N Dec. 357 (BIA 1986), *modified, Matter of Gonzalez, supra*; and *Matter of Frentescu, supra, modified, Matter of Gonzalez, supra*, modified.

CHARGE:

Order: Act of 1952—Sec. 241 (a)(4)[(A)] [8 U.S.C. § 1251(a)(4)[(A)]]—Crime involving moral turpitude

Sec. 241 (a)(4)(B) [8 U.S.C. § 1251(a)(4)(B)]—Convicted of aggravated felony

ON BEHALF OF RESPONDENT:
Peter Costea, Esquire
Bigham & Nettles, P.C.
600 Travis
3660 Texas Commerce Tower
Houston, Texas 77002

ON BEHALF OF SERVICE:
William K. Zimmer
General Attorney

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

In a decision dated December 19, 1990, the immigration judge found the respondent deportable under section 241(a)(4)[(A)] of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(4)[(A)] (1988),

as an alien convicted of a crime involving moral turpitude, and under section 241(a)(4)(B) of the Act as an alien convicted of an aggravated felony.[1] The immigration judge further determined that, based on his conviction for an aggravated felony, the respondent was ineligible to apply for asylum and was barred from eligibility for withholding of deportation. The immigration judge ordered the respondent deported to Austria, with an alternate order of deportation to Romania. The respondent has appealed.[2] The appeal will be dismissed. The respondent's request for oral argument before this Board is denied. 8 C.F.R. § 3.1(e) (1992).

The respondent is a male native and citizen of Romania whose status was adjusted to that of a lawful permanent resident on September 25, 1986. On September 19, 1989, the respondent was convicted in the 182nd District Court of Harris County, Texas, of murder committed on April 22, 1988. Based on the respondent's admissions at the deportation hearing and the conviction records submitted by the Immigration and Naturalization Service, the immigration judge found the respondent deportable on the charges set forth above. The respondent raises no challenge on appeal to the immigration judge's findings of deportability.

At the hearing on October 17, 1990, the respondent requested and was given an application for asylum. This application was not filed prior to November 29, 1990, the effective date of the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978. We agree with the immigration judge that, as an alien convicted of an aggravated felony, the respondent was no longer eligible for asylum beginning November 29, 1990. Section 208(d) of the Act, 8 U.S.C. § 1158(d) (Supp. II 1990), which was added by section 515(a)(1) of the Immigration Act of 1990, 104 Stat. at 5053, provides that an alien who has been convicted of an aggravated felony "may not apply for or be granted asylum." This bar applies to convictions entered before, on, or after November 29, 1990, and to applications for asylum made on or after that date. See section 515(b)(1) of the Immigration Act of 1990, 104 Stat. at 5053, as corrected by section 306(a)(13) of the Miscellaneous and

---

[1] These sections of the Act have been revised and redesignated as sections 24 (a)(2)(A)(i) and (iii) of the Act, 8 U.S.C. §§ 1251(a)(2)(A)(i) and (iii) (Supp. II 1990), by section 602(a) of the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978, 5079-80, but that amendment does not apply to deportation proceedings for which notice has been provided to the alien before March 1, 1991. See section 602(d) of the Immigration Act of 1990, 104 Stat. at 5082.

[2] We have not considered the new evidence submitted by the respondent on appeal. The record we review on appeal is the record before the immigration judge. Matter of Haim, 19 I&N Dec. 641 (BIA 1988). The respondent has not filed a motion to reopen based on new evidence.

Technical Immigration and Naturalization Amendments of 1991, Pub. L. No. 102-232, 105 Stat. 1733, 1752 (enacted Dec. 12, 1991). Furthermore, as an alien convicted of an aggravated felony, the respondent is considered to have committed a "particularly serious crime" for purposes of section 243(h)(2)(B) of the Act, 8 U.S.C. § 1253(h)(2)(B) (Supp. II 1990), and is therefore not eligible for withholding of deportation. Section 243(h)(2) of the Act, *as amended by* section 515(a)(2) of the Immigration Act of 1990, 104 Stat. at 5053; *see also Matter of K-,* 20 I&N Dec. 418 (BIA 1991); *Matter of U-M-,* 20 I&N Dec. 327 (BIA 1991), *aff'd,* 989 F.2d 1085 (9th Cir. 1993). Section 515(a)(2) of the Immigration Act of 1990 applies to convictions entered before, on, or after November 29, 1990, and to applications for withholding of deportation made on or after that date. *See* section 515(b)(2) of the Immigration Act of 1990, 104 Stat. at 5053, *as corrected by* section 306(a)(13) of the Miscellaneous and Technical Immigration and Naturalization Amendments of 1991, 105 Stat. at 1752.

The respondent contends that he was unable to file his asylum application prior to November 29, 1990, because he was unable to understand some of the questions, he was not represented by counsel at that time, and no interpreter qualified to speak his native tongue was present at his October 17, 1990, hearing. He therefore asserts that his asylum application should be deemed constructively filed prior to November 29, 1990. The respondent's assertions are without merit. He did not request an asylum application until October 17, 1990, nor would it be the responsibility of the court interpreter to assist him in filing his application. There is no indication that the respondent was denied his right to counsel in deportation proceedings. *See* sections 242(b)(2), 292 of the Act, 8 U.S.C. §§ 1252(b), 1362 (1988); 8 C.F.R. §§ 3.15(b) (1992) (to be redesignated as 8 C.F.R. § 3.16(b), *see* 57 Fed. Reg. 11,571 (Apr. 6, 1992)); 3.36(d) (1992) (to be redesignated as 8 C.F.R. § 3.38(d), *see* 57 Fed. Reg. 11,571 (Apr. 6, 1992)); 242.2(c)(2); 242.2(d) (as revised at 57 Fed. Reg. 11,573 (Apr. 6, 1992)); 242.10; 242.16(a), (d); 292 (1992). Moreover, the respondent has not shown how he would ultimately benefit even if his application were to be deemed constructively filed on October 17, 1990. Under the regulations effective for asylum applications filed after October 1, 1990, the respondent, as an alien convicted of a particularly serious crime, is ineligible for asylum or withholding of deportation. 8 C.F.R. §§ 208.14(c)(1), 208.16(c)(2)(ii) (1992); *cf. Matter of B-,* 20 I&N Dec. 427 (BIA 1991).

The respondent contends that the "statutory equation" under section 243(h)(2) of the Act, as amended, between "aggravated felony" and "particularly serious crime" does not apply to this case because his

conviction occurred before November 29, 1990. However, the technical amendments to the Immigration Act of 1990 made clear that the amendment of section 243(h)(2) by section 515(a)(2) of the Immigration Act of 1990 applies to convictions entered before, on, or after November 29, 1990, and to applications for withholding of deportation made on or after that date. *See* section 306(a)(13) of the Miscellaneous and Technical Immigration and Naturalization Amendments of 1991, 105 Stat. at 1752. The respondent's argument that application of this provision to his case contravenes the ex post facto clause of the Constitution is also without merit. Deportation proceedings are civil proceedings which are not considered punishment or a criminal process and, therefore, the ex post facto clause is not implicated. *INS v. Lopez-Mendoza,* 468 U.S. 1032 (1984); *Matter of Valdovinos,* 18 I&N Dec. 343 (BIA 1982). Moreover, it is settled that the immigration judge and this Board lack jurisdiction to rule upon the constitutionality of the Act and the regulations. *See* section 103 of the Act, 8 U.S.C. § 1103 (1988); 8 C.F.R. § 3.1 (1992); *Bagues-Valles v. INS,* 779 F.2d 483 (9th Cir. 1985); *Dastmalchi v. INS,* 660 F.2d 880 (3d Cir. 1981); *Matter of Valdovinos, supra; Matter of Cortez,* 16 I&N Dec. 289 (BIA 1977).

The respondent contends that the immigration judge should have made an inquiry into whether the respondent pleaded guilty to murder voluntarily and with the proper advice and assistance of counsel. The immigration judge and this Board cannot entertain a collateral attack on a judgment of conviction unless that judgment is void on its face and cannot go behind the judicial record to determine the guilt or innocence of the alien. *Matter of Fortis,* 14 I&N Dec. 576, 577 (BIA 1974); *see also Trench v. INS,* 783 F.2d 181 (10th Cir.), *cert. denied,* 479 U.S. 961 (1986); *Avila-Murrieta v. INS,* 762 F.2d 733 (9th Cir. 1985); *Zinnanti v. INS,* 651 F.2d 420 (5th Cir. 1981) (per curiam); *Chiaramonte v. INS,* 626 F.2d 1093 (2d Cir. 1980) (foreign conviction); *Longoria-Castenada v. INS,* 548 F.2d 233 (8th Cir.), *cert. denied,* 434 U.S. 853 (1977); *Aguilera-Enriquez v. INS,* 516 F.2d 565 (6th Cir. 1975), *cert. denied,* 423 U.S 1050 (1976); *Matter of Danesh,* 19 I&N Dec. 669 (BIA 1988); *Matter of Khalik,* 17 I&N Dec. 518 (BIA 1980). In addition, a majority of the circuit courts, including the United States Court of Appeals for the Fifth Circuit in which this case arises, have held that the fact that a defendant is not advised of the collateral immigration consequences of his plea does not amount to a denial of due process which would vitiate the plea. *Santos v. Kolb,* 880 F.2d 941 (7th Cir. 1989), *cert. denied,* 493 U.S. 1059 (1990); *United States v. Nino,* 878 F.2d 101 (3d Cir. 1989); *United States v. Yearwood,* 863 F.2d 6 (4th Cir. 1988); *United States v. Quin,* 836 F.2d 654 (1st Cir. 1988); *United States v. Campbell,* 778 F.2d 764 (11th Cir. 1985);

*United States v. Gavilan*, 761 F.2d 226 (5th Cir. 1985); *Fruchtman v. Kenton*, 531 F.2d 946 (9th Cir.), *cert. denied*, 429 U.S. 895 (1976); *United States v. Santelises*, 476 F.2d 787 (2d Cir. 1973); *United States v. Sambro*, 454 F.2d 918 (D.C. Cir. 1971) (per curiam); *United States v. Nagaro-Garbin*, 653 F. Supp. 586 (E.D. Mich.), *aff'd*, 831 F.2d 296 (6th Cir. 1987); *see also United States v. Cabrera-Quintero*, 650 F.2d 942 (8th Cir. 1981).

The respondent further contends that the Board's decision in *Matter of K-, supra*, which held that under section 243(h)(2) of the Act, as amended, an alien convicted of an "aggravated felony" is deemed to have committed a "particularly serious crime" and therefore necessarily constitutes a "danger to the community," is "exceedingly harsh," "legally defective," and "improper," citing *Beltran-Zavala v. INS*, 912 F.2d 1027 (9th Cir. 1990), and *Matter of Frentescu*, 18 I&N Dec. 244 (BIA 1982), *modified*, *Matter of Gonzalez*, 19 I&N Dec. 682 (BIA 1988).

The respondent has raised no argument that persuades us to reconsider our decision in *Matter of K-, supra*. If being barred from withholding of deportation based on conviction of an aggravated felony is an "exceedingly harsh" result, it is nonetheless the result required by the language of Congress in amending section 243(h)(2) of the Act. *Matter of K-, supra*; *Matter of U-M-, supra*. Furthermore, the reasoning in *Matter of Frentescu, supra*, and in *Beltran-Zavala v. INS, supra*, cited by the respondent, has been superseded by the amendment of section 243(h)(2).

At the time the Board decided *Frentescu* in 1982, "particularly serious crime" was a new term with no statutory guidance as to its meaning. In *Frentescu* the Board did not set forth an exact definition of "particularly serious crime" and concluded that while some crimes on their face are or are not particularly serious, "the record in most proceedings will have to be analyzed on a case-by-case basis," looking to the nature and circumstances of the alien's crime. *Matter of Frentescu, supra*, at 246. The Court of Appeals for the Ninth Circuit in *Beltran-Zavala v. INS, supra*, reapproved the formulation in *Frentescu*, but remanded the case before it, finding that the Board had gone beyond looking at the particular conviction of record and its circumstances to erecting a "class" of "per se" particularly serious crimes. The court stated that section 243(h)(2)(B) of the Act did not erect classes of crimes that are per se particularly serious, observing that if Congress wanted to erect per se classifications of crimes precluding immigration and nationality benefits, it knew how to do so. *Beltran-Zavala v. INS, supra*, at 1032.

With section 515(a)(2) of the Immigration Act of 1990, Congress both provided guidance lacking at the time of *Frentescu* and erected a

class of per se particularly serious crimes, that is, aggravated felonies, as the court in *Beltran-Zavala* said it knew how to do. That section amended section 243(h)(2) of the Act to provide that "an alien who has been convicted of an aggravated felony shall be considered to have committed a particularly serious crime." Section 515(a)(2) of the Immigration Act of 1990, 104 Stat. at 5053. This amendment applies to convictions entered before, on, or after November 29, 1990, and to applications for withholding of deportation made on or after that date. *See* section 515(b)(2) of the Immigration Act of 1990, 104 Stat. at 5053, *as corrected by* section 306(a)(13) of the Miscellaneous and Technical Immigration and Naturalization Amendments of 1991, 105 Stat. at 1752. Thus, in any request for withholding of deportation made on or after November 29, 1990, if the conviction in question qualifies as an aggravated felony, it qualifies as a particularly serious crime for purposes of section 243(h)(2)(B) of the Act without regard to the case-by-case analysis set forth in *Matter of Frentescu, supra. See Matter of K-, supra,* at 423-24; *Matter of U-M-, supra,* at 331-32 (citing *Beltran-Zavala v. INS, supra)*. Indeed, pursuant to the plain language of the amendment to section 243(h)(2), this Board *cannot* find that a conviction which qualifies as an aggravated felony is not for a particularly serious crime in any request for withholding of deportation made on or after November 29, 1990.

In addition, the definition of "aggravated felony" at section 101(a)(43) of the Act, 8 U.S.C. § 1101(a)(43) (Supp. II 1990), which, as we have discussed before, is itself made up of certain classes or categories of crimes, *see, e.g., Matter of Meza,* 20 I&N Dec. 257 (BIA 1991), covers the vast majority of crimes we would have previously determined to be particularly serious crimes. Thus, while "most" of the crimes in cases 10 years ago when *Frentescu* was decided had to be analyzed on a case–by-case basis to determine if they were "particularly serious crimes," the opposite is now true. By far, most of the convictions in cases received by the Board today in 1992, which involve the types of crimes we have in the past considered to be particularly serious crimes, qualify as convictions for aggravated felonies.

In sum, the analysis presented in *Matter of Frentescu,* and followed and expanded in several precedent decisions since then, for determining whether a conviction is for a "particularly serious crime" has been superseded by Congress through amendment of section 243(h)(2) of the Act by section 515(a)(2) of the Immigration Act of 1990. With respect to any application for withholding of deportation made on or after November 29, 1990, where the conviction in question is for an aggravated felony within the meaning of the Act, the conviction must be deemed to be for a particularly serious crime without regard to the

analysis set forth in *Matter of Frentescu, supra.*[3] An alien, having been convicted by a final judgment of a particularly serious crime, constitutes a danger to the community of the United States and is ineligible for withholding of deportation. Section 243(h)(2)(B) of the Act; *Matter of K-, supra.* To the extent they are inconsistent with the foregoing decision, *Matter of Frentescu* and the following cases are hereby modified: *Matter of U-M-, supra; Matter of Gonzalez, supra; Matter of Garcia-Garrocho,* 19 I&N Dec. 423 (BIA 1986), *modified, Matter of Gonzalez, supra; Matter of Carballe,* 19 I&N Dec. 357 (BIA 1986), *modified, Matter of Gonzalez, supra.*

**ORDER:** The appeal is dismissed.

---

[3] There will of course continue to be situations requiring a determination whether a "particularly serious crime" exists under *Frentescu*; such is the case, for example, where the crime does not technically qualify as an aggravated felony under the Act based on the conviction date, *see Matter of B-, supra,* at 430-31; the withholding request precedes November 29, 1990; or, perhaps, where the crime falls outside the definition of aggravated felony but should, under the analysis of *Frentescu,* be deemed a particularly serious crime. Even under certain of these cases, however, and including cases construing the term "particularly serious crime" for purposes of 8 C.F.R. §§ 208.14(c)(1) and 208.16(c)(2)(ii) (1992) (regarding asylum and withholding applications filed on or after October 1, 1990), the 1990 amendment to section 243(h)(2) of the Act may appropriately provide guidance. *Cf. Matter of B-, supra,* at 430-31; *Matter of U-M-, supra,* at 332.