19 F.3d 1440
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mohamed Kadir MUSTAFA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70038.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1994.*
Decided March 1, 1994.
 
 1
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Mohamed Kadir Mustafa, a native and citizen of Ethiopia, petitions pro se for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from the immigration judge's ("IJ") order finding him deportable as charged and denying his applications for asylum and withholding of deportation and for a waiver of deportability under section 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. Sec. 1182(c). We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a). We deny the petition for review.
 
 Background
 
 4
 On May 22, 1992, the Immigration and Naturalization Service ("INS") issued an order to show cause charging Mustafa with being deportable as an alien convicted of a crime of moral turpitude pursuant to section 241(a)(2)(A)(i), 8 U.S.C. Sec. 1251(a)(2)(A)(i), because Mustafa had been convicted in California state court of willful cruelty toward a child and assault with a deadly weapon. The IJ found Mustafa deportable as charged on August 5, 1992, and denied his applications for asylum and withholding of deportation and for a waiver of deportability pursuant to section 212(c).[1] On appeal to the BIA, Mustafa argued that the conviction underlying his deportability violated due process because the public defender in his criminal case failed to inform him of the immigration consequences of his guilty plea. Mustafa also argued that the IJ failed to consider Mustafa's rehabilitation and hardship in denying his application for asylum and relief from deportation. On January 21, 1993, the BIA denied Mustafa's appeal.
 
 
 5
 Mustafa's petition for review is vague and largely incoherent. He appears to contend that the BIA erred by failing to consider his rehabilitation and hardship when it denied his application for asylum and his request for a waiver of deportability. Mustafa also appears to contend that his right to counsel was violated and that the length of his detention violates his civil rights.
 
 Discussion
 I. Asylum
 
 6
 To the extent that Mustafa contends that the BIA erred by not considering his rehabilitation and hardship when it denied his application for asylum, his contention lacks merit because the BIA properly found Mustafa had been convicted of a particularly serious crime.
 
 
 7
 We review de novo the question of whether Mustafa's offenses constitute 'particularly serious crimes" but with deference to the INS' interpretation of that term in its regulations. See Beltran-Zavala v. INS, 912 F.2d 1027, 1029 (9th Cir.1990). "An application for asylum and withholding of deportation filed on or after October 1, 1990, will be denied if the alien petitioner, 'having been convicted by a final judgment of a particularly serious crime in the United States, constitutes a danger to the community.' " Urbina-Mauricio v. INS, 989 F.2d 1085, 1087 (9th Cir.1993) (quoting 8 C.F.R. Sec. 208.14(c)(1)); see also 8 C.F.R. Sec. 208.16(c)(2)(ii). In judging the seriousness of a crime, the BIA considers "the nature of the conviction, the circumstances and underlying facts of the conviction, the type of sentence imposed, and, most importantly, whether the type and circumstances of the crime indicate that the alien will be a danger to the community." Matter of Frentescu, 18 I. & N.Dec. 244, 247 (1982); see also Beltran-Zavala, 912 F.2d at 1031-32. In addition, "[c]rimes against persons are more likely to be categorized as 'particularly serious crimes.' " Frentescu, 18 I. & N. Dec. at 247.
 
 
 8
 Here, the record indicates that Mustafa has been convicted of two crimes; willful cruelty toward and endangerment of a child, and aggravated assault involving a deadly weapon. Mustafa was sentenced to four years in prison for willful cruelty toward and endangerment of a child and a three year concurrent term for assault with a deadly weapon.
 
 
 9
 On this record, we agree with the BIA that these crimes are of a particularly serious nature and that Mustafa represents a danger to the community. See Matter of Carballe, 19 I. & N. Dec. 357 (1986) (armed robbery is a particularly serious crime); Matter of Garcia-Garrocho, 19 I. & N. Dec. 423 (1986) (residential burglary is a particularly serious crime where it involves physical injury or potential life threatening acts). Accordingly, the BIA properly disregarded Mustafa's claims of rehabilitation and hardship because he is statutorily ineligible for asylum. See 8 C.F.R. Sec. 208.14(c)(1).
 
 II. Section 212(c) Waiver
 
 10
 To the extent that Mustafa contends that the BIA failed to consider his rehabilitation and hardship when denying his request for relief from deportation, his contention lacks merit.
 
 
 11
 In deciding whether an alien merits relief under section 212(c), the BIA "must balance the adverse factors evidencing an alien's undesirability as a permanent resident with the social and humane consideration presented in his behalf." Matter of Marin, 16 I. & N. Dec. 581, 584 (1978); see Ayala-Chavez v. INS, 944 F.2d 638, 641 (9th Cir.1991) (approving Marin test).[2] When an alien has been convicted of a serious crime, he must demonstrate "unusual or outstanding equities" in order to qualify for relief from deportation. Matter of Edwards, Int. Dec. 3134 (BIA 1990); see Ayala-Chavez, 944 F.2d at 641.
 
 
 12
 "We review the BIA's balancing of equities for section 212(c) relief for an abuse of discretion." Ayala-Chavez, 944 F.2d at 642 (citation omitted). We will reverse the BIA's decision only if it "fails to support its conclusions with a reasoned explanation based upon legitimate concerns." Vargas v. INS, 831 F.2d 906, 908 (9th Cir.1987). "Although we have required the [BIA] to provide more than '[m]ere conclusory statements' ... all that is necessary is a decision that sets out terms sufficient to enable us as a reviewing court to see that the [BIA] has heard, considered, and decided." Villanueva-Franco v. INS, 802 F.2d 327, 330 (9th Cir.1986) (citations omitted).
 
 
 13
 Here, the BIA reviewed the record and the IJ's "thorough and well-reasoned" decision denying Mustafa relief from deportation. The BIA concluded that the IJ properly determined that the seriousness of Mustafa's criminal record necessitated that he establish outstanding and unusual equities. The BIA specifically concurred with the IJ that while Mustafa's equities were substantial, they were not outstanding or unusual. The Board took particular note of two circumstances in the record. First, although Mustafa has a permanent resident wife and three citizen children, he has had no contact with them since his incarceration. Second, the BIA found that Mustafa's claim that he will suffer hardship as a result of persecution in Ethiopia was not a critical factor due to the changes in the political situation there.
 
 
 14
 The BIA's decision is supported by a reasoned explanation based on legitimate concerns. See Vargas, 831 F.2d at 908. In light of our narrow standard of review, we cannot say that the BIA abused its discretion by denying the relief requested.[3]
 
 III. Right to Counsel & Detention
 
 15
 To the extent that Mustafa contends that he was denied his right to counsel, we are unable to consider this claim because it was not presented to the BIA. See id. "Failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter." Id.
 
 
 16
 To the extent that Mustafa challenges the length of his detention, we lack jurisdiction to consider this claim. Our jurisdiction to entertain appeals from the BIA is confined to "final orders of deportation ... made agaisnt aliens within the United States pursuant to administrative proceedings under [8 U.S.C. Sec.] 1252(b)...." See 8 U.S.C. Sec. 1105a(a). Detention hearings are conducted by an IJ, and such hearings are separate and apart from proceedings to determine an alien's deportability. See 8 U.S.C. Sec. 1252(a); 8 C.F.R. Secs. 3.19, 242.2(d). A separate agency review process exists for the appeal of an IJ's detention determination.[4] See 8 C.F.R. Secs. 3.38, 242.2(d). Thus, because detention issues are not a part of the deportation proceeding, we have no jurisdiction to review Mustafa's petition as to that issue. See 8 U.S.C. Sec. 1105a(a); 8 C.F.R. Sec. 3.19, 3.38, 242.2(d); Matter of P--C--M--, Int.Dec. 3165, at 3 n. 1 (BIA 1991); accord Young v. United States Dep't of Justice, 759 F.2d 450, 457 (5th Cir.), cert. denied, 474 U.S. 996 (1985).
 
 
 17
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In pertinent part, section 212(c) provides that "[a]liens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provisions of subsection (a) of this section." 8 U.S.C. Sec. 1182(c). On its face, section 212(c) applies only in exclusion proceedings, but this court has held that it applies in the deportation context as well. See Tapia-Acuna v. INS, 640 F.2d 223, 224-25 (9th Cir.1981)
 
 
 [2]
 Favorable equities include: family ties, length of residence in the United States, entry into this country at a young age, expected hardship to the petitioner or his family if he is deported, service in the country's military, employment, business or property ties, value and service to the community, proof of genuine rehabilitation, and any other favorable character evidence. Negative factors include: the nature and circumstances of the crime, and additional significant immigration violations, the nature, recency, and seriousness of the petitioner's criminal record, and any other negative character evidence. See Matter of Buscemi, 19 I. & N.Dec. 581, 633 (1978); Marin, 16 I. & N.Dec. at 584-85
 
 
 [3]
 Although the BIA did not specifically discuss the issue of rehabilitation, it is evident from the record that the BIA adopted the IJ's evaluation of Mustafa's equities and the IJ thoroughly investigated whether Mustafa had show rehabilitation and determined that he had not. AR 42-43
 
 
 [4]
 Aliens also may request relief in federal court from extended deportation detention by utilizing the habeas corpus proceedings in 8 U.S.C. Sec. 1252(a)(1). See United States v. Cepeda-Luna, 989 F.2d 353, 358 (9th Cir.1993). Mustafa never requested such relief