# In re L-S-J-, Applicant

*Decided July 29, 1997*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) An asylum applicant who has been convicted of robbery with a deadly weapon (handgun) and sentenced to 2 ½ years in prison is not eligible for asylum because he has been convicted of an aggravated felony, that is, a crime of violence for which the sentence is at least 1 year.

(2) An applicant for withholding of deportation who has been convicted of robbery with a deadly weapon (handgun) has been convicted of a particularly serious crime and is not eligible for withholding of deportation regardless of the length of his sentence.

Pro se

FOR THE IMMIGRATION AND NATURALIZATION SERVICE: Douglas G. Clancy, Assistant District Counsel

BEFORE: Board Panel: DUNNE, Vice Chairman; VACCA and VILLAGELIU, Board Members.

DUNNE, Vice Chairman:

In a decision dated August 21, 1996, an Immigration Judge found the applicant excludable under sections 212(a)(2)(A)(i)(I), (A)(i)(II), and (7)(A)(i)(I), of the Immigration and Nationality Act, 8 U.S.C. §§ 1182(a) (2)(A)(i)(I), (A)(i)(II), and (7)(A)(i)(II) (1994), pretermitted his applications for asylum and withholding of deportation to Haiti under sections 208 and 243(h) of the Act, 8 U.S.C. §§ 1158 and 1253(h) (1994), and ordered him excluded and deported from the United States. The applicant has appealed from that decision. The appeal will be dismissed.

The applicant is a 26-year-old native and citizen of Haiti. He arrived in the United States on March 30, 1992, and was paroled into the country. His parole was revoked by the district director on June 5, 1996. The record establishes that the applicant was convicted on November 8, 1995, in the Circuit Court of the Eleventh Judicial Circuit, in and for Dade County, Florida, of robbery with a deadly weapon. In this case, the applicant committed a robbery using a handgun. He stole over $600 from several people in an apartment using the gun to threaten them. He was sentenced to serve 2 ½ years in prison. The applicant also pled nolo contendere on July 17, 1995, in the

Circuit Court of the Eleventh Judicial Circuit, in and for Dade County, Florida, to sale, purchase, or delivery of cocaine, and possession of cocaine. Adjudication of guilt was withheld and he was sentenced to time served, 2 days in prison.

The applicant's crime is now considered an aggravated felony under the revised definition at section 101(a)(43)(F) of the Act, because he has committed a crime of violence for which the term of imprisonment is at least 1 year. Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, § 321(a)(3), 110 Stat. 3009-546, 3009-627 ("IIRIRA") (to be codified at 8 U.S.C. § 1101(a)(43)(F) of the Act). *See generally United States v. Gonzalez-Lopez*, 911 F.2d 542 (11th Cir. 1990), *cert. denied*, 500 U.S. 933 (1991) (defining a crime of violence). This revised definition applies to the pending case. IIRIRA § 321(c), 110 Stat. at 3009-628; *see also Matter of A-A-*, 20 I&N Dec. 492 (BIA 1992); *Matter of U-M-*, 20 I&N Dec. 327 (BIA 1991), *aff'd*, 989 F.2d 1085 (9th Cir. 1993), *modified, Matter of C-*, 20 I&N Dec. 529 (BIA 1992). Under section 208(d) of the Act (now sections 208(b)(2)(A)(ii) and (B)(i) of the Act pursuant to section 604(a) of the IIRIRA, 110 Stat. at 3009-690 (to be codified at 8 U.S.C. §§ 1158(b)(2)(A)(ii) and (B)(i) (effective Apr. 1, 1997)), the applicant may not apply for or be granted asylum because of his conviction for an aggravated felony. *See Matter of A-A-, supra.*

The applicant argues that it would be unconstitutional, a violation of the Fifth and Eighth Amendments, to exclude him without considering his application for asylum. We are without authority to declare our governing statute unconstitutional, so we cannot consider the argument that the revised Act violates due process or constitutes cruel and unusual punishment. *See Matter of Hernandez-Puente*, 20 I&N Dec. 335, 339 (BIA 1991); *Matter of Patel*, 19 I&N Dec. 774, 787 (BIA 1988); *Matter of Valdovinos*, 18 I&N Dec. 343, 345-46 (BIA 1982); *Matter of Cenatice*, 16 I&N Dec. 162, 166 (BIA 1977); *Matter of L-*, 4 I&N Dec. 556 (BIA 1951); *see also Matter of Fede,* 20 I&N Dec. 35, 36 (BIA 1989).

The Immigration and Nationality Act was revised by section 413(f) of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, 1269 (enacted Apr. 24, 1996) ("AEDPA"), which states that the Attorney General may determine whether discretion to withhold deportation should be exercised in favor of any alien in order to comply with the United Nations Protocol Relating to the Status of Refugees, Jan. 31, 1967, [1968] 19 U.S.T. 6223, T.I.A.S. No. 6577, 606 U.N.T.S. 26. In the case of an alien convicted of an aggravated felony but not sentenced to at least 5 years in prison, the type of crime and the circumstances should be examined to determine whether the alien committed a particularly serious crime. *See Matter of Q-T-M-T-,* 21 I&N Dec. 639 (BIA 1996). Whether a crime is particularly serious depends on the nature of the conviction, the circumstances and underlying facts of the conviction, the type of sentence imposed, and whether the

type and circumstances of the crime indicate that the alien will be a danger to the community. *Matter of Frentescu*, 18 I&N Dec. 244 (BIA 1982), *modified, Matter of C-, supra, Matter of Gonzalez*, 19 I&N Dec. 682 (BIA 1988). The applicant was sentenced to less than 5 years in prison; nevertheless, he threatened violence with a handgun against several people and put their lives in danger in the course of a robbery. We conclude that the applicant, who has been convicted of robbery with a deadly weapon, has committed a particularly serious crime, and that, therefore, his application for withholding of deportation was properly pretermitted. *See Matter of D-*, 20 I&N Dec. 827, 828 n.1 (BIA 1994); *Matter of Garcia-Garrocho*, 19 I&N Dec. 423 (BIA 1986), *modified on other grounds, Matter of Gonzalez, supra; Matter of Carballe*, 19 I&N Dec. 357 (BIA 1986), *modified on other grounds, Matter of Gonzalez, supra*.

Accordingly, the appeal will be dismissed.

**ORDER:**     The appeal is dismissed.