**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-1847**

MING TONG YE,

             Petitioner,

       v.

ERIC H. HOLDER, JR., Attorney General,

             Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  January 31, 2013      Decided:  February 13, 2013

Before DUNCAN, KEENAN, and FLOYD, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Theodore N. Cox, New York, New York, for Petitioner.  Stuart F. Delery, Acting Assistant Attorney General, Stephen J. Flynn, Assistant Director, Anh-Thu P. Mai-Windle, Senior Litigation Counsel, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ming Tong Ye, a native and citizen of the People's Republic of China, petitions for review of the Board of Immigration Appeals' ("Board") order dismissing his appeal from the immigration judge's order denying his applications for asylum, withholding of removal and withholding under the Convention Against Torture ("CAT"). Ye does not challenge the adverse credibility finding or the finding that he did not establish that he was eligible for relief under the CAT. Thus, he has abandoned those claims. See Ogundipe v. Mukasey, 541 F.3d 257, 263 n.4 (4th Cir. 2008); Ngarurih v. Ashcroft, 371 F.3d 182, 189 n.7 (4th Cir. 2004) (failure to challenge the denial of relief under the CAT results in abandonment of that challenge); see also Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999). We deny the petition for review.

Ye contends that the immigration judge erred by not finding that the independent documentary evidence supported his claim that he suffered past persecution. Ye further claims that the immigration judge did not conduct a meaningful analysis of the independent evidence to determine whether it could support his claim for relief. Pursuant to 8 U.S.C. § 1252(d)(1), "[a] court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right[.]" This court has noted that "an alien who

2

has failed to raise claims during an appeal to the [Board] has waived his right to raise those claims before a federal court on appeal of the [Board's] decision." Farrokhi v. INS, 900 F.2d 697, 700 (4th Cir. 1990); see also Gonahasa v. INS, 181 F.3d 538, 544 (4th Cir. 1999). Moreover, this court has held that it lacks jurisdiction to consider an argument not made before the Board. Asika v. Ashcroft, 362 F.3d 264, 267 n.3 (4th Cir. 2004). We are without jurisdiction to review this issue because Ye did not raise the issue on appeal to the Board.

Ye also claims that the Board erred by not giving weight to his affidavit that he submitted with his brief to the Board. As the Board correctly observed, it may not consider evidence offered for the first time on appeal. See 8 C.F.R. § 1003.1(d)(3)(iv) (2012) ("Board will not engage in factfinding in the course of deciding appeals."). The Board's review is generally confined to the record before the immigration judge. Matter of C-, 20 I. & N. Dec. 529, 530 n.2 (B.I.A. 1992). Furthermore, had Ye wanted to have his new evidence considered, he should have filed a motion to remand, which he did not do. Accordingly, we conclude there was no error.

We deny the petition for review. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED