**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NOE S. RAMIREZ, | No. 08-74142 |
| Petitioner, | Agency No. A076-695-109 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 7, 2013
Pasadena, California

Before: PREGERSON, W. FLETCHER, and NGUYEN, Circuit Judges.

Noe Ramirez ("Ramirez") petitions for review of the Board of Immigration

Appeals' ("BIA") dismissal of his appeal from the Immigration Judge's ("IJ")

denial of his application for cancellation of removal. We have jurisdiction under 8

U.S.C. § 1252(a)(2)(D), and we deny the petition.

---

  [*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1.  Although Ramirez was subject to removal based on his conviction of an aggravated felony, namely, carjacking in violation of California Penal Code § 215, we nevertheless have jurisdiction to review the final removal order because Ramirez's petition involves the application of law to undisputed facts. *Fernandez-Ruiz v. Gonzales*, 410 F.3d 585, 587 (9th Cir. 2005) (stating that we have jurisdiction to review constitutional claims and questions of law presented in petitions for review of final removal orders), *as adopted by* 466 F.3d 1121, 1124 (9th Cir. 2006) (en banc); *Ramadan v. Gonzales*, 479 F.3d 646, 648 (9th Cir. 2007) (holding that "questions of law" include questions involving the application of law to undisputed facts, sometimes referred to as mixed questions of fact and law). Therefore, we address the merits of Ramirez's petition.

2.  Ramirez contends that the state court lacked jurisdiction to accept his guilty plea to carjacking because the felony complaint charging him with the crime lacked an allegation of mens rea, an essential element of the offense. *See* Cal. Penal Code § 215(a) (requiring as an element of carjacking an "intent to either permanently or temporarily deprive the person in possession of the motor vehicle of his or her possession [of the vehicle]"). Ramirez argues that the defect rendered his conviction void on its face.

2

Generally, an alien may not collaterally attack his state court conviction in a removal proceeding. *Ramirez-Villalpando v. Holder*, 645 F.3d 1035, 1041 (9th Cir. 2011). However, the BIA has recognized that it can entertain a collateral attack on a criminal judgment when the judgment of conviction is void on its face. *Matter of C–*, 20 I. & N. Dec. 529, 532 (BIA 1992).

Here, Ramirez's conviction is not void on its face. Even if the felony complaint omitted an essential element, the resulting judgment is merely voidable, not void. Under California law, where the court has jurisdiction over the subject matter and the parties, but acts in excess of its authority or jurisdiction, the court's "act or judgment is merely voidable" and remains "valid until it is set aside." *People v. Am. Contractors Indem. Co.*, 33 Cal. 4th 653, 661 (2004). Moreover, Ramirez's plea of guilty to the defective felony complaint "operates . . . as a waiver of formal defects in the accusatory pleading that could be reached by demurrer." *People v. Voit*, 200 Cal. App. 4th 1353, 1363 (2011) (quoting *People v. Chadd*, 28 Cal. 3d 739, 748 (1981)); *see also People v. Carter*, 233 Cal. App. 2d 260, 264 (1965) (explaining that where the charging document clearly identifies the statutory basis for the charge but omits an element of the offense, the resulting defect "is not one of jurisdiction for a public offense is obviously stated, but of mere ambiguity or uncertainty, which is a waiverable [sic] defect"). Accordingly,

3

the IJ's reliance on Ramirez's carjacking conviction as a basis for removal was proper.

**PETITION FOR REVIEW DENIED.**