# MATTER OF U-M-

## In Deportation Proceedings

### A-29202816

### *Decided by Board June 5, 1991*

(1) By federal statute, aggravated felonies and, correspondingly, drug trafficking crimes, are per se particularly serious crimes.

(2) The respondent in deportation proceedings has been convicted of particularly serious crimes, i.e., convictions for the sale of marihuana and lysergic acid diethylamide (LSD) and, therefore, by operation of law, he is ineligible for asylum pursuant to 8 C.F.R. § 208.14(c)(1) (1991) and for withholding of deportation under section 243(h)(2)(B) of the Immigration and Nationality Act, 8 U.S.C.A. § 1253(h)(2)(B) (West Supp. 1991), and 8 C.F.R. § 208.16(c)(2)(ii) (1991).

(3) The asylum regulations found at 8 C.F.R. §§ 208.1-.24 (1991) are applicable to the respondent's applications for asylum and withholding of deportation received by the Office of the Immigration Judge on November 14, 1990, since these regulations apply to applications filed on or after October 1, 1990, as provided by 8 C.F.R. § 208.1(a) (1991).

(4) The statutory bar to asylum for an alien convicted of an aggravated felony, set forth in section 515(a)(1) of the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978, 5053 (enacted November 29, 1990), amending section 208 of the Act, 8 U.S.C. § 1158 (1988), does not apply to the respondent's asylum application, where section 515(b)(1) of the 1990 Act, 104 Stat. at 5053, provides that this statutory bar "shall apply to applications for asylum made on or after the date of the enactment of this Act," and the respondent made his application for asylum with the immigration judge on November 14, 1990, approximately 2 weeks before the enactment date.

(5) The amendment to section 243(h)(2)(B) of the Act, providing that an alien convicted of an aggravated felony shall be considered to have committed a particularly serious crime, is effective on the date of enactment of the Immigration Act of 1990, 104 Stat. at 4978 (enacted November 29, 1990), where the 1990 Act is silent as to the effective date of the amendment, and in the absence of an express provision to the contrary, an act of Congress takes effect on its date of enactment.

(6) Where new statutory provisions affecting eligibility for relief from deportation come into effect during the pendency of a deportation hearing or an administrative appeal to this Board, and there exists no statutory directive to the contrary, the new statutory provisions shall be applied to the application for relief before us, and the application may be denied on the basis of the statutory amendment.

CHARGE:

Order: Act of 1952—Sec. 241(a)(4)(B) [8 U.S.C. § 1251(a)(4)(B)]—Convicted of aggravated felony

Sec. 241(a)(11) [8 U.S.C. § 1251(a)(11)]—Convicted of controlled
substance violation

Lodged: Act of 1952—Sec. 241(a)(2) [8 U.S.C. § 1251(a)(2)]—Entered without inspection

ON BEHALF OF RESPONDENT:
Pro se

ON BEHALF OF SERVICE:
Christopher Stender
General Attorney

BY:  Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

In a decision dated January 18, 1991, an immigration judge found the respondent deportable as charged under section 241(a)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2) (1988), as an alien who had entered the United States without inspection, under section 241(a)(4)(B) of the Act as an alien convicted of an aggravated felony, and under section 241(a)(11) of the Act as an alien convicted of a controlled substance violation. In his decision, the immigration judge also denied the respondent's applications for asylum and withholding of deportation under sections 208(a) and 243(h) of the Act, 8 U.S.C. §§ 1158(a) and 1253(h) (1988), respectively, and ordered the respondent deported from the United States to Uruguay, and alternatively to El Salvador if Uruguay would not accept him. The respondent has appealed from that decision. The appeal will be dismissed.

The respondent, a native and citizen of El Salvador, was convicted in a California court on November 14, 1986, of the crime of sale or transportation of marihuana, a felony, in violation of section 11360(a) of the California Health and Safety Code. For this crime he was granted a 3-year period of probation, the conditions of which required him to serve 90 days in jail and pay $100 to a restitution fund. He was also convicted in a California court on December 13, 1988, of the crime of sale of a controlled substance, namely lysergic acid diethylamide ("LSD"), a felony, in violation of section 11379 of the California Health and Safety Code. He was granted probation for a period of 3 years, the conditions of which included serving 180 days in jail, paying a fine of $100, and paying restitution of $100. On July 19, 1989, probation for these two crimes was revoked on the basis that the respondent was in violation of probation. He was sentenced to 3 years' imprisonment for the 1988 conviction and 2 years' imprisonment for the 1986 conviction, with the sentences to run concurrently. During the deportation proceedings, the respondent testified that his probation was revoked in lieu of filing charges after he was arrested in June 1989 for sale of marihuana. The respondent also admitted having

entered the United States without inspection in July 1981. The Board of Immigration Appeals finds that the respondent's deportability has been established by clear, unequivocal, and convincing evidence, as required by *Woodby v. INS*, 385 U.S. 276 (1966), and 8 C.F.R. § 242.14(a) (1991).

The immigration judge denied the respondent's applications for asylum and withholding of deportation on the basis that he had been convicted of a particularly serious crime and was thus ineligible for either asylum or withholding of deportation under the new asylum regulations. *See* 8 C.F.R. §§ 208.1–.24 (1991). These regulations apply to asylum applications filed on or after October 1, 1990. 8 C.F.R. § 208.1(a) (1991). The respondent's application was received by the Office of the Immigration Judge on November 14, 1990. Under these regulations, an application for withholding of deportation shall be denied if "the alien, having been convicted by a final judgment of a particularly serious crime, constitutes a danger to the community of the United States." 8 C.F.R. § 208.16(c)(2)(ii) (1991). This language parrots the statutory bar to withholding of deportation found in section 243(h)(2)(B) of the Act. Thus, by statute and by the regulation, the respondent is ineligible for withholding of deportation if convicted of a particularly serious crime. Additionally, the respondent's application for asylum shall be denied if "the alien, having been convicted of a final judgment of a particularly serious crime in the United States, constitutes a danger to the community." 8 C.F.R. § 208.14(c)(1) (1991).[1]

In the case before us, the respondent has been convicted of sale or transportation of marihuana in 1986, and sale of a controlled substance, namely LSD, in 1988. This Board has previously held that an alien convicted of trafficking in drugs has been convicted of a particularly serious crime, representing criminal behavior which constitutes a danger to the community. *Matter of Gonzalez*, 19 I&N Dec. 682 (BIA 1988) (convicted of possession of a controlled substance, to wit: heroin, with intent to deliver). The case now before us arose within the jurisdiction of the United States Court of Appeals

---

[1] Pursuant to section 515(a)(1) of the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978, 5053 (enacted November 29, 1990), amending section 208 of the Immigration and Nationality Act, an alien who has been convicted of an aggravated felony may not apply for or be granted asylum. However, although the crimes of which the respondent was convicted may be aggravated felonies, this newly enacted statutory bar to asylum does not apply to the respondent's case. Section 515(b)(1) of the 1990 Act provides that this statutory bar "shall apply to applications for asylum made on or after the date of the enactment of this Act." 104 Stat. at 5053. As noted above, the respondent made his application for asylum with the immigration judge on November 14, 1990, approximately 2 weeks before the enactment date.

for the Ninth Circuit, which itself noted that it had ratified the Board's consistent view that convictions for drug possession and trafficking are particularly serious within the meaning of section 243(h)(2)(B). *Ramirez-Ramos v. INS*, 814 F.2d 1394 (9th Cir. 1987); *see also Mahini v. INS*, 779 F.2d 1419 (9th Cir. 1986) (possession with intent to distribute heroin constitutes a particularly serious crime). If an alien has been convicted of a particularly serious crime, it is not required that there be a separate and distinct finding that he constitutes a danger to the community, because once a finding of a particularly serious crime is made, it necessarily follows that the alien is a danger to the community. *Ramirez-Ramos v. INS, supra; Matter of Carballe*, 19 I&N Dec. 357 (1986), *modified on other grounds, Matter of Gonzalez, supra*.

The record in most proceedings will have to be analyzed on a case-by-case basis to determine whether the conviction is for a particularly serious crime. This analysis involves such factors as the nature of the conviction, the circumstances and underlying facts of the conviction, the type of sentence imposed, and most importantly, whether the type and circumstances of the crime indicate that an alien will be a danger to the community. *Matter of Frentescu*, 18 I&N Dec. 244 (BIA 1982), *modified on other grounds, Matter of Gonzalez, supra*. However, some crimes are inherently particularly serious, requiring no further inquiry into the nature and circumstances of the underlying conviction. *Matter of Garcia-Garrocho*, 19 I&N Dec. 423 (BIA 1986), *modified on other grounds, Matter of Gonzalez, supra; Matter of Carballe, supra; Matter of Frentescu, supra*.

We find that the crime of trafficking in drugs is inherently a particularly serious crime. The harmful effect to society from drug offenses has consistently been recognized by Congress in the clear distinctions and disparate statutory treatment it has drawn between drug offenses and other crimes. *Matter of Gonzalez, supra*. Illicit narcotic drugs sold in the United States ruin or destroy the lives of many American citizens each year. Apart from the considerable number of people in this country who die of overdoses of narcotics or who become the victims of homicides related to the unlawful traffic of drugs, many others become disabled by addiction to heroin, cocaine, and other drugs. There are also many in this country who suffer crimes against their persons and property at the hands of drug addicts and criminals who use the proceeds of their crimes to support their drug needs. Additionally, a considerable amount of money is drained from the economy of the United States annually because of unlawful trafficking in drugs. This unfortunate situation has reached epidemic proportions and it tears the very fabric of American society. As we find trafficking in drugs to inherently be a particularly serious crime, no

further inquiry is required into the nature and circumstances of the respondent's convictions for sale or transportation of marihuana and sale of LSD.

The Ninth Circuit has recently held in a case involving a conviction for sale of marihuana that it is improper to find that the crime is particularly serious without an analysis of the characteristics and circumstances of the alien's conviction. *Beltran-Zavala v. INS*, 912 F.2d 1027 (9th Cir. 1990). The court stated that section 243(h)(2)(B) of the Act does not erect classes of crimes that are per se particularly serious, observing that if Congress wanted to erect per se classifications of crimes precluding immigration and nationality benefits, it knew how to do so. *Id.* at 1032.

However, since the court's decision in that case, Congress has acted. Section 243(h)(2)(B) has been amended by section 515(a)(2) of the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978, 5053, to provide that an alien convicted of an aggravated felony shall be considered to have committed a particularly serious crime. Section 101(a)(43) of the Act, 8 U.S.C.A. § 1101(a)(43) (West Supp. 1991), now defines an "aggravated felony" to include "any illicit trafficking in any controlled substance (as defined in section 102 of the Controlled Substances Act), including any drug trafficking crime as defined in section 924(c)(2) of title 18, United States Code .... "[2]

As defined in 18 U.S.C. § 924(c)(2) (1988), a "drug trafficking crime" means "any felony punishable under the Controlled Substances Act (21 U.S.C. §§ 801 et seq.)." As noted above, the respondent was convicted of sale or transportation of marihuana in 1986 and of sale of LSD in 1988. The respondent's convictions are punishable under 21 U.S.C. § 841(a) (1988), and, based upon the terms of imprisonment which may be imposed under 21 U.S.C. § 841(b) (1988), his crimes constitute felonies, as defined in 18 U.S.C. § 3559 (1988). As the respondent has been convicted of a crime punishable as a felony under the Controlled Substances Act, he has been convicted of a drug trafficking crime as defined by 18 U.S.C. § 924(c)(2) (1988). Corres-

---

[2]Section 501(a)(2) of the Immigration Act of 1990 amended section 101(a)(43) of the Act to include as an aggravated felony "any illicit trafficking in any controlled substance (as defined in section 102 of the Controlled Substances Act) .... " 104 Stat. at 5048. The amendments also made clear that the term "aggravated felony" applied to offenses "whether in violation of Federal or State law." Section 501(a)(5) of the Immigration Act of 1990, 104 Stat. at 5048. The amendments were made effective as if included in the enactment of section 7342 of the Anti-Drug Abuse Act of 1988, Pub. L. No. 100-690, 102 Stat. 4181, 4469-70. *See* section 501(b) of the Immigration Act of 1990, 104 Stat. at 5048. Section 7342 of the Anti-Drug Abuse Act of 1988, 102 Stat. at 4469-70, which first added the definition of an aggravated felony as provided in section 101(a)(43) of the Act, was enacted on November 18, 1988.

pondingly, he has been convicted of an aggravated felony within the meaning of section 101(a)(43) of the Act. He therefore has been convicted of a particularly serious crime for purposes of section 243(h)(2)(B) of the Act and 8 C.F.R. § 208.16(c)(2)(ii) (1991), and is thus ineligible for withholding of deportation.

Given Congress' legislative directive that aggravated felonies, and, correspondingly, drug trafficking crimes, are to be viewed per se as particularly serious crimes, we find that in interpreting the term "particularly serious crime" in the regulatory bar to asylum found in 8 C.F.R. § 208.14(c)(1) (1991), we are constrained to find that any aggravated felony and, correspondingly, any drug trafficking crime per se constitutes a particularly serious crime, without any further inquiry into the nature and circumstances of the crime. The amendment itself may have directly concerned eligibility for withholding of deportation under section 243(h)(2)(B) of the Act, but it cannot be ignored in interpreting 8 C.F.R. § 208.14(c)(1) (1991) that, in Congress' judgment, aggravated felonies or drug trafficking crimes by their very nature constitute particularly serious crimes. In view of the newly enacted legislation, we find that the court's ruling in *Beltran-Zavala v. INS, supra,* no longer remains applicable.

As noted above, the respondent filed his applications for asylum and withholding of deportation on November 14, 1990, before the Immigration Act of 1990 and its amendment to section 243(h)(2)(B) were enacted. The 1990 Act is silent as to the effective date of this amendment. In the absence of an express provision to the contrary, an act of Congress takes effect on the date of its enactment. *Matthews v. Zane,* 20 U.S. (7 Wheat.) 164 (1822); *Arnold v. United States,* 13 U.S. (9 Cranch) 103 (1815); *United States v. Gavrilovic,* 551 F.2d 1099 (8th Cir. 1977); *United States v. Casson,* 434 F.2d 415 (D.C. Cir. 1970). The Board therefore finds the effective date of the amendment to be the date of the enactment of the 1990 Act, which is November 29, 1990.

Accordingly, we will apply the law existing at the time of our review and determination regarding the respondent's eligibility for relief. An application for relief from deportation is an ongoing application and the law to be applied to that application is that existing at the time the final administrative decision is made.[3] Where new statutory provisions affecting eligibility for relief from deportation come into effect during

---

[3] In deportation proceedings, a final administrative decision does not exist until the Board renders its decision in the case on appeal or certification, or, where no appeal to the Board is taken, when the right to appeal is waived, or the time allotted for appeal has expired. *See Matter of Lok,* 18 I&N Dec. 101 (BIA 1981), *aff'd,* 681 F.2d 107 (2d Cir. 1982).

the pendency of a deportation hearing or an administrative appeal to this Board, and there exists no statutory directive to the contrary, as is true in the case before us, the new statutory provisions shall be applied to the application for relief before us, and the application may be denied on the basis of the statutory amendment. *See Fassilis v. Esperdy*, 301 F.2d 429 (2d Cir. 1962); *Matter of Fong*, 10 I&N Dec. 210 (BIA 1963). The amendment is not being given any retroactive application because the respondent is still the subject of administrative adjudication and has thus not established any right to the benefit he is seeking to obtain by his application. *See id.* When a law is changed before a decision is handed down by an administrative agency, the agency must apply the new law. *See Ziffrin v. United States*, 318 U.S. 73 (1943); *Talanoa v. INS*, 397 F.2d 196 (9th Cir. 1968); *Patsis v. INS*, 337 F.2d 733 (8th Cir. 1964), *cert. denied*, 380 U.S. 952 (1965); *Matter of George and Lopez-Alvarez*, 11 I&N Dec. 419 (BIA 1965). Thus, the Board may properly apply the amended version of section 243(h) of the Act. *De Lucia v. INS*, 370 F.2d 305, 309 n.6 (7th Cir. 1966), *cert. denied*, 386 U.S. 912 (1967).

In sum, Congress' determination that aggravated felonies and, correspondingly, drug trafficking crimes, are per se particularly serious crimes applies to the respondent's applications for asylum and withholding of deportation. The respondent asserts on appeal that, in view of the equities in his favor, he should be granted relief as a matter of discretion. However, as an alien convicted of a particularly serious crime, he is by operation of law ineligible for asylum pursuant to 8 C.F.R. § 208.14(c)(1) (1991), and ineligible for withholding of deportation under section 243(h)(2)(B) of the Act and 8 C.F.R. § 208.16(c)(2)(ii) (1991).

On appeal, the respondent contends that an alleged delay in instituting his deportation proceedings violated sections 242(a) and (i) of the Act, 8 U.S.C. § 1252(a) and (i) (1988). The short answer to this contention is that the decision to institute deportation proceedings involves the exercise of prosecutorial discretion and is one which neither the immigration judge nor this Board reviews. *Matter of Ramirez-Sanchez*, 17 I&N Dec. 503 (BIA 1980); *Matter of Marin*, 16 I&N Dec. 581 (BIA 1978); *Matter of Geronimo*, 13 I&N Dec. 680 (BIA 1971). Additionally, section 242(a), by its own terms, only grants to a "court of competent jurisdiction" in habeas corpus proceedings authority to review or revise any determination of the Attorney General concerning detention, release on bond, or parole pending a final decision of deportability upon a conclusive showing that the Attorney General is not proceeding with such reasonable dispatch as may be warranted by the particular facts and circumstances in the case of any alien to determine deportability. The Board is not the proper

forum for such review, which, in any event, is applicable only where proceedings have been commenced and only concerns the propriety of determinations regarding detention, bond, or parole. Section 242(i) provides: "In the case of an alien who is convicted of an offense which makes the alien subject to deportation, the Attorney General shall begin any deportation proceeding as expeditiously as possible after the date of the conviction." However, an incarcerated alien does not have a private cause of action under section 242(i), as the statute is concerned, not with aiding criminal aliens, but with interrupting the flow of narcotics into the United States by illegal aliens and with overcrowding of prisons. *Prieto v. Gluch*, 913 F.2d 1159 (6th Cir. 1990); *see also Orozco v. INS*, 911 F.2d 539 (11th Cir. 1990); *Gonzalez v. INS*, 867 F.2d 1108 (8th Cir. 1989).

The respondent also contends on appeal that the use of his criminal convictions to order his deportation constitutes double punishment for a single crime and, accordingly, violates the constitutional protection against double jeopardy. However, his order of deportation has been properly issued pursuant to the immigration laws and regulations. It is not within the province of the Board to pass upon the constitutionality of the statutes it administers. *Matter of Cenatice*, 16 I&N Dec. 162 (BIA 1977). Moreover, the respondent's argument has been consistently rejected by the courts. *See LeTourneur v. INS*, 538 F.2d 1368 (9th Cir.), *cert. denied*, 429 U.S. 1044 (1976); *Oliver v. United States Dept. of Justice*, 517 F.2d 426 (2d Cir. 1975), *cert. denied*, 423 U.S. 1056 (1976). Deportation from the United States has never been regarded as criminal punishment. *Mahler v. Eby*, 264 U.S. 32 (1924); *Bugajewitz v. Adams*, 228 U.S. 585 (1913). It is civil in nature and therefore the procedural safeguards prescribed for criminal cases are not applicable. *Carlson v. Landon*, 342 U.S. 524 (1952); *Bilokumsky v. Tod*, 263 U.S. 149 (1923); *Chavez-Raya v. INS*, 519 F.2d 397 (7th Cir. 1975); *see also Matter of Valdovinos*, 18 I&N Dec. 343 (BIA 1982). Although the respondent has raised additional arguments on appeal in a supplemental brief, our review demonstrates that they are without merit and do not warrant further discussion.

Accordingly, the appeal will be dismissed.

**ORDER:** The appeal is dismissed.