# In re X-P-T-, Applicant

*Decided December 18, 1996*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) An alien who has been forced to abort a pregnancy or to under go involuntary sterilization, or who has been persecuted for resistance to a coercive population control program, has suffered past persecution on account of political opinion and qualifies as a refugee within the amended definition of that term under section 101(a)(42) of the Immigration and Nationality Act (to be codified at 8 U.S.C. § 1101(a)(42)). *Matter of Chang*, 20 I&N Dec. 38 (BIA 1989), *superseded*.

(2) The language of section 101(a)(42) of the Act deeming persons who have been subject to population control measures or persecuted for resistance to such programs to have been persecuted on account of political opinion applies to determinations of eligibility for withholding of deportation, as well as asylum.

(3) Section 207(a)(5) of the Act (to be codified at 8 U.S.C. § 1157(a)(5)) limits the number of refugees that may be admitted to the United States or granted asylum pursuant to the provisions of section 101(a)(42) of the Act relating to persecution for resistance to coercive population control methods.

(4) The applicant, who was forcibly sterilized for violating the coercive population control policies of China, is granted asylum conditioned upon a determination by the Immigration and Naturalization Service that a number is available for such grant; withholding of exclusion and deportation is also granted without condition.

FOR APPLICANT: Jan Potemkin, Esquire, New York, New York

AMICUS CURIAE: Ann Carr, Esquire, Lancaster, Pennsylvania,[1]

FOR THE IMMIGRATION AND NATURALIZATION SERVICE: David M. Dixon, Chief Appellate Counsel

BEFORE: Board En Banc: SCHMIDT, Chairman; DUNNE, Vice Chairman; VACCA, HEILMAN, HOLMES, HURWITZ, VILLAGELIU, FILPPU, COLE, ROSENBERG, MATHON, and GUENDELSBERGER, Board Members.

SCHMIDT, Chairman:

We have jurisdiction under 8 C.F.R. § 3.1(b)(1) (1996) over this timely appeal from the Immigration Judge's October 5, 1995, decision ordering the applicant excluded and deported from the United States. Excludability was

---

[1] The Board acknowledges with appreciation the brief submitted by amicus curiae.

conceded. The only issues on appeal concern the Immigration Judge's denial of the applicant's claims for asylum under section 208(a) of the Immigration and Nationality Act, 8 U.S.C. § 1158(a) (1994), and withholding of exclusion and deportation under section 243(h)(1) of the Act, 8 U.S.C. § 1253(h)(1) (1994). Both of these claims were based on the applicant's persecution for violations of the coercive population control policies of China.

We will sustain the applicant's appeal because of the changes to the law of asylum and withholding of deportation made by section 601 of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, 110 Stat. 3009-546, 3009-689 (enacted Sept. 30, 1996) ("IIRIRA"). Our contrary ruling in *Matter of Chang*, 20 I&N Dec. 38 (BIA 1989), is superseded by the new law. We will grant the applicant withholding of deportation and conditionally grant her application for asylum.

## I. BACKGROUND

The applicant presented credible testimony and documentary evidence, and the Immigration Judge found that she and her husband violated the "one couple, one child" population control policy of China by having three children, and that as a result, she was forcibly sterilized. On appeal, neither party has challenged those findings, which we accept as accurate. Other than our decision in *Matter of Chang, supra*, no grounds for denial of asylum on the basis of either statutory ineligibility or discretionary matters were raised below.

## II. ISSUE

The Immigration Judge denied asylum and withholding of deportation because, pursuant to *Matter of Chang, supra*, the applicant failed to show that forcible sterilization imposed because of violations of China's population control policy constitutes persecution on account of any protected basis. The issue on appeal is whether that result is changed by the enactment of section 601 of the IIRIRA. We hold that it is. Our ruling that the applicant meets the persecution definition contained in section 601 also requires us to address the numerical limitations on asylum grants set forth in that section.

## III. SECTION 601 OF IIRIRA

Section 601(a)(1) of the IIRIRA, 110 Stat. at 3009-689, amends the refugee definition of section 101(a)(42) of the Act (to be codified at 8 U.S.C. § 1101(a)(42)) by adding a sentence stating:

> For purposes of determinations under this Act, a person who has been forced to abort a pregnancy or to undergo involuntary sterilization, or who has been persecuted for failure or refusal to undergo such a procedure or for other resistance to a coercive population control program, shall be deemed to have been persecuted on account of political opinion, and a person who has a well founded fear that he or she will be forced to undergo such a procedure

or subject to persecution for such failure, refusal, or resistance shall be deemed to have a well founded fear of persecution on account of political opinion

Section 601(b) of the IIRIRA, 110 Stat. at 3009-689, also adds a new subsection to section 207(a) of the Act (to be codified at 8 U.S.C. § 1157(a)), stating:

(5) For any fiscal year, not more than a total of 1,000 refugees may be admitted under this subsection or granted asylum under section 208 pursuant to a determination under the third sentence of section 101(a)(42) (relating to persecution for resistance to coercive population control methods).

In the absence of a specific effective date in the statute, both of these provisions became effective on September 30, 1996, the date of enactment of the IIRIRA. *See Matter of U-M-*, 20 I&N Dec. 327, 332 (BIA 1991), *aff'd*, 989 F.2d 1085 (1993).

## IV. ASYLUM ELIGIBILITY

As recognized by the parties, the applicant's forced sterilization for violation of China's population control policies falls squarely within section 101(a)(42) of the Act, as amended by the IIRIRA. This amended statute supersedes our prior ruling in *Matter of Chang, supra*. Therefore, the applicant has suffered past persecution in China on account of political opinion.

Because the applicant has suffered past persecution, she is presumed under 8 C.F.R. § 208.13(b)(1) (1996) to have a well-founded fear of future persecution. *See also Matter of H-*, 21 I&N Dec. 337 (BIA 1996). This presumption may be rebutted by a showing that country conditions have changed to the extent that the applicant no longer has a well-founded fear of persecution if returned to China. The Immigration and Naturalization Service presented no evidence of changed country conditions at the hearing below, nor does it seek to do so on appeal.[2] In fact, the Service Appellate Counsel agrees that the applicant should be granted asylum.

## V. NUMERICAL LIMITATION ON ASYLUM—CONDITIONAL GRANT

We now turn to the numerical limitation imposed under section 207(a)(5) of the Act on asylum grants based on resistance to coercive population control policies. Counsel for the applicant urges that as impartial adjudicators we should treat that numerical limit not as an asylum eligibility factor, but rather as directed solely at the Service's ability to adjust the status of asylees to permanent residents at some later date. This interpretation conflicts with the literal language of section 207(a)(5), which limits the number of population

---

[2] The Service does not contend that the change in the applicant's personal circumstances—her sterilization—amounts to a change in country conditions that would overcome the regulatory presumption.

control-based refugees who may be "granted asylum under section 208." It also is inconsistent with the separate numerical limitation on the number of asylees who may adjust in any fiscal year contained in section 209(b) of the Act, 8 U.S.C. § 1159(b) (1994). We therefore reject counsel's interpretation.

The Service argues that neither it nor the Executive Office for Immigration Review ("EOIR"), of which we are a part, may grant asylum to a population control-based refugee above the 1,000 limit imposed by section 207(a)(5) of the Act. The Service also notes that the this numerical limit includes population control-based refugees admitted under the Service's overseas refugee program and those granted asylum on that basis by Service Asylum Offices. Additionally, the Service points out that the section 207(a)(5) numerical limit would not apply to certain qualifying relatives of those granted population control-based refugee or asylee status by the Service or EOIR, because those qualifying relatives would not be admitted under section 601 of the IIRIRA. *See* sections 207(c)(2), 208(b)(3) of the Act (to be codified at 8 U.S.C. §§ 1157(c)(2), 1158(b)(3)).

As pointed out by the Appellate Counsel and counsel for amicus curiae, the precise implementation of the numerical limit contained in section 207(a)(5) of the Act is a complex matter that would be an appropriate subject for a regulation promulgated by the Attorney General. For the present, however, we find that the Service, as the agency involved in all aspects of the asylum and overseas refugee system, is in the best position to monitor the usage of numbers under section 207(a)(5) and to establish a reasonable interim system for their allocation among the various potentially eligible individuals. Therefore, in the absence of applicable regulations, as an interim measure, we will grant the applicant's application for population control-based asylum conditioned upon a subsequent administrative determination by the Service that a number is available under section 207(a)(5) for such a grant.

## VI. WITHHOLDING OF DEPORTATION

Because the conditional nature of our asylum grant does not ensure that the applicant will be one of the 1,000 individuals who actually obtains asylum, we find it necessary to reach the issue of withholding of deportation under section 243(h) of the Act. As noted by all counsel, the population control-based persecution language of section 101(a)(42) applies to all relevant determinations under the Act, not just asylum determinations. We also agree with both counsel that the applicant, whose forced sterilization is uncontested, has established past persecution on the basis of political opinion for purposes of withholding of deportation under section 243(h).

Therefore, the applicant is entitled under 8 C.F.R. § 208.16(b)(2) (1996) to a regulatory presumption of a continuing threat in China to her life or freedom. This regulatory presumption is nearly identical to the previously discussed presumption under 8 C.F.R. § 208.13(b)(1)(i) (1996) of a continuing

well-founded fear on the basis of past persecution available in asylum determinations. As with the asylum regulatory presumption, we find that the regulatory presumption of a continuing threat in China to the applicant's life or freedom for purposes of withholding of deportation is unrebutted in this record.

There being no numerical limitations on population control-based grants under section 243(h), we will grant the application for withholding of deportation to China.

## VII. SUMMARY AND CONCLUSION

The applicant has shown that she was forcibly sterilized for violating the coercive population control policies of China. We conclude, as a result of the amendments made by section 601 of the IIRIRA, that forcible sterilization is a basis for grants of asylum and withholding of deportation to China. Section 601 thus supersedes our contrary ruling in *Matter of Chang, supra*. In the absence of implementing regulations for the numerical limits on population control-based asylum imposed by section 601(b) of the IIRIRA, we will, as an interim measure, grant asylum conditioned upon the Service's subsequent administrative determination that a number is available for such a grant.

**ORDER:**    The applicant's application for asylum is granted, conditioned upon an administrative determination by the Service that a number is available for such a grant under section 207(a)(5) of the Act.

**FURTHER ORDER:**    The applicant's application for withholding of deportation to China is granted.