

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-29-2003

# Qui Fang Cai v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket 02-1928

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Qui Fang Cai v. Atty Gen USA" (2003). *2003 Decisions.* Paper 611.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/611

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-1928

QUI FANG CAI,
Petitioner

v.

JOHN ASHCROFT,
Attorney General of the United States of America,
Respondent

On Petition for Review of an Order of the
Board of Immigration Appeals
(BIA No. A73 058 470)

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 9, 2003

Before: SCIRICA, BARRY and SMITH, Circuit Judges

(Filed April 29, 2003 )

OPINION OF THE COURT

SCIRICA, *Circuit Judge*.

This is a petition for review of the Board of Immigration Appeals denial of a

motion to reconsider. We will grant the petition for review and remand.[1]

**I**

Qui Fang Cai is a native and citizen of China, who arrived in the United States on

November 3, 1994 and sought asylum and withholding of deportation soon thereafter.

She is married and currently has four children. The oldest two children, both daughters,

were born in China before Cai left for the United States and remained in China after Cai's

departure.[2] The youngest two children, a daughter and a son, were born in the United

---

[1]During the pendency of these immigration proceedings, Congress passed the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 3009. Under the transitional rules of the IIRIRA, we have jurisdiction under 8 U.S.C. § 1105a (1996). *See* IIRIRA § 309(c)(4). Aside from the transitional rules governing judicial review, certain provisions of the IIRIRA do not apply here given that these immigration proceedings began before the Act's enactment.

We note, however, that the Board has taken heed of § 601 of the IIRIRA, which provides that forced abortion and sterilization, and persecution for resisting coercive population control measures, are bases for grants of asylum and withholding of deportation. *See In re X-P-T-*, 21 I & N Dec. 634 (B.I.A. 1996). Thus, the Board has granted asylum and withholding of deportation based on claims regarding China's family planning policies even for applicants who were in immigration proceedings begun before the enactment of the IIRIRA. *See id.* at 638. Prior to the IIRIRA, the Board had stated that it could not "find that implementation of [China's] 'one couple, one child' policy in and of itself, even to the extent that involuntary sterilizations may occur, is persecution or creates a well-founded fear of persecution." *In re Chang*, 20 I & N Dec. 38, 44 (B.I.A. 1989).

[2]According to her I-589 form, Cai's oldest two daughters were born on January 11, 1987 and October 25, 1988. Cai's husband left China before the birth of the second child, coming to the United States in July 1988. Cai reunited with her husband upon her arrival

(continued...)

2

States during the pendency of these immigration proceedings. As we discuss, the births

of Cai's youngest two children, particularly her son, play a significant role in our

decision.

Upon arriving in the United States, Cai was charged with excludability. Cai

conceded she was inadmissible and requested asylum and withholding of deportation to

China for two reasons. Cai claimed that, under its family planning policies, the Chinese

government had persecuted and would continue to persecute her because she had two

daughters in violation of China's "one couple, one child" rule. Cai testified and

submitted documents about coercive measures involving IUD implementation,

sterilization, and abortion.[3] Cai also claimed her family was involved in a particular

---

[2](...continued)
in the United States six years later. We are not aware of the current immigration status of Cai's husband, nor of the current residence of Cai's oldest two daughters.

Cai's claims for asylum and withholding of deportation, as well as the Immigration Judge's opinion, focused on incidents occurring between 1987 and 1989. In response to these incidents, Cai apparently left her village in attempts to escape the alleged persecution that she faced there. According to her application materials and testimony, Cai hid in another village until 1994 when she left for the United States. Cai also cited some additional problems she encountered during this time from 1990 to 1994.

[3]Cai claimed that, after the birth of her first daughter, she was notified to have an IUD fitted and that, after the birth of her second daughter, she was notified to undergo sterilization. Cai testified in support of these claims and submitted government notices delivered to her that corroborated her account. Cai further asserted that, due to certain circumstances, these procedures were never performed on her.

Cai also submitted general documentary evidence about China's family planning policies.

conflict with local officials in her province, which led to her being treated harshly by the officials and caused her to fear future harsh treatment.

Hearings before the Immigration Judge began on March 28, 1995 and, after a series of delays, concluded on September 18, 1996 when an oral decision was given.[4] *In re Cai*, No. A73 058 470 (Imm. Ct. Sept. 18, 1996). The IJ denied Cai's applications for asylum and withholding of deportation. The IJ found that Cai lacked credibility because of what the IJ believed were inconsistencies, omissions, and exaggerations in her testimony and the documents submitted. The IJ doubted the claims of past and future persecution based on China's family planning policies because the IJ did not believe the "one couple, one child" rule was strictly enforced in Cai's province. The IJ stated "[e]ven [Cai] agrees that one can have children until a son is actually born," and because "both of the children born in China . . . were daughters, . . . clearly additional births would have been permitted until a child who would be a male might be born." *Id.* at 5; *see also id.* at 8, 10 (similar statements).[5]

Cai appealed the decision of the IJ and filed a brief with the Board on April 17, 1997. On September 13, 1997, while still in the United States, Cai gave birth to a son,

---

[4]Cai gave birth to her third daughter on May 28, 1996. While Cai testified as to the birth of her third child, the IJ did not mention the new daughter in the oral decision.

[5]The IJ also discounted Cai's assertions about the conflict with local officials as a family "squabble with someone who happens to be a security officer" and held the conflict did not involve persecution against her. *In re Cai*, No. A73 058 470, at 12, 14, 16.

her fourth child. In a letter dated February 2, 1998, Cai notified the Board of her son's birth and enclosed her son's birth certificate. The February 2 letter asked the Board to "amend the appeal accordingly."

On June 23, 1998, the Board dismissed Cai's appeal. *In re Cai*, No. A73 058 470 (B.I.A. June 23, 1998). The Board agreed with the IJ that Cai's account lacked credibility and focused on her assertions involving the family squabble, which could not rise to the level of persecution. The Board, however, gave little attention to Cai's claim based on China's family planning policies. Moreover, the Board did not address the fact that Cai had recently given birth to a son.

Cai filed a motion to reconsider, explaining that, after coming to the United States, she gave "birth to two more children, making her the mother of four children, two of whom are U.S. citizens." Her motion pointed out that "the Board did not take into consideration the new facts of this case, i.e., [Cai] now has four, not two children," and included additional materials on China's family planning policies. Her motion asked the Board to reconsider its prior decision because the youngest two children were not considered in the Board's original decision and because the additional materials added strength to Cai's claim.[6]

---

[6]Cai's motion also noted "the coercive family planning is a national policy. The fact that [Cai] was able to avoid certain enforcement measures for a few years while she was in China does not mean that she could do so for the rest of her life especially in light of the fact that she has twice the number of children now than when she was in China."

5

On March 6, 2002, the Board denied Cai's motion to reconsider, noting the motion did not explain "when the children were born relative" to the Board's original decision or to the motion itself. *In re Cai*, No. A73 058 470, at 1 (B.I.A. Mar. 6, 2002). Based on this omission, the Board believed it could not place the children's births in the context of Cai's immigration proceedings and thus it did not address the matter further. The Board concluded that Cai failed to show error in its original decision.

Cai now contests the Board's denial of her motion to reconsider.

## II

"A motion to reconsider asserts that at the time of the Board's previous decision an error was made." *In re Cerna*, 20 I & N Dec. 399, 402 (B.I.A. 1991). The motion "questions the Board's decision for alleged errors in appraising the facts and the law." *Id.* (quotations omitted). We review the Board's denial of a motion to reconsider for abuse of discretion.[7] *See, e.g.*, *Nocon v. INS*, 789 F.2d 1028, 1029 (3d Cir. 1986).

Recently, in reviewing the Board's denial of a motion to reopen, we stated "[i]n determining whether the Board abused its discretion, we must . . . ask whether the Board

---

[7]We have recently stated "when the Board . . . denies reopening on prima facie case grounds, the ultimate decision should be reviewed for an abuse of discretion, while findings of fact should be reviewed for substantial evidence." *Sevoian v. Ashcroft*, 290 F.3d 166, 174 (3d Cir. 2002). We recognize that review of the Board's denial of a motion to reopen is similar to review of the Board's denial of a motion to reconsider. But, because here we focus on the ultimate decision to deny Cai's motion to reconsider, and do not address findings of fact, we need not decide whether the bifurcated standard of review announced in *Sevoian* applies in reviewing denials of motions to reconsider.

followed proper procedures and considered and appraised the material evidence." *Sevoian*, 290 F.3d at 177 (quotations omitted). We have made similar statements in deciding whether the Board abused its discretion regarding other matters. In *Tipu v. INS*, we stated "a decision of the [Board] may be remanded if it fails adequately to consider the evidence in the record which favors [the] applicant." 20 F.3d 580, 583 (3d Cir. 1994). Similarly, in *Sotto v. INS*, we stated "[i]f the administrative record fails to reveal that [material] evidence has been fairly considered, the proper course is to remand the case to the INS so that the Service may evaluate such evidence and consider its effect on the application as a whole." 748 F.2d 832, 837 (3d Cir. 1984). Consistent with these observations, we believe a matter may be remanded to the Board if it fails adequately to consider material evidence in the record when denying a motion to reconsider.

In denying Cai's motion to reconsider, the Board failed adequately to consider the births of her youngest two children in the United States. Cai stated the birth date of her third daughter during her testimony before the IJ. Moreover, the record contains the February 2, 1998 letter informing the Board of the birth of her son. The Board erred in overlooking this documented evidence.

The births of her youngest two children, especially the birth of her son, may be significant in considering Cai's claim. While the IJ did not believe that Cai's province strictly enforced China's "one couple, one child" rule, the fact that Cai now has four children, instead of two, relates to a determination of whether she would be persecuted

7

even under a relaxed enforcement of the family planning policies. Furthermore, the IJ stated that if Cai had a son, the family planning policies might be enforced. Given the Board's agreement with the IJ's findings, the Board should have addressed the birth of Cai's son.[8]

We do not contend that Cai necessarily meets the qualifications for asylum or withholding of deportation. But because the Board failed to adequately consider material evidence, it must revisit the motion to reconsider.[9]

### III

For these reasons, we will grant the petition for review and remand for proceedings consistent with this opinion.[10]

---

[8]The parties do not cite, nor are we aware of, any cases that address the effect of children born during the pendency of immigration proceedings when emigrants from China seek asylum and withholding of deportation based on China's family planning policies. But we note that children born to aliens in the United States have affected other types of immigration claims. *See, e.g.*, *Delmundo v. INS*, 43 F.3d 436 (9th Cir. 1994) (stating children born to alien after she improperly entered the United States must be considered in alien's claim for waiver of excludability). We take no position on what effect the births of Cai's youngest two children should have on her immigration claim.

[9]The Board also did not address the other materials relating to China's family planning policies, which Cai submitted with her motion to reconsider. In revisiting the motion to reconsider, the Board should also consider this evidence.

Cai also raises a claim under the Convention Against Torture for the first time in her petition for review. We will not address the claim.

[10]In furtherance of our opinion and the remand to the Board, Cai will be granted a stay of removal for sixty days in order to allow her to file a motion for further stay of removal before the Board.

TO THE CLERK:

Please file the foregoing opinion.

/s/ Anthony J. Scirica
Circuit Judge