**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANA BEATRIZ BIOCINI, aka Ana Racines Jaramillo, Ana Jaramillo de Rivera, | No. 08-74501 |
| Petitioner, | BIA No. A091-182-333 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 17, 2013
San Francisco, California

Before: NOONAN, O'SCANNLAIN and N.R. SMITH, Circuit Judges.

Ana Beatriz Biocini, a native and citizen of Columbia, petitions for review

of a decision of the Board of Immigration Appeals that denied her application for

asylum, withholding of removal, and relief under Article 3 of the Convention

Against Torture. Biocini asserted a fear of persecution or torture on account of her

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

status as a U.S. drug informant. The BIA affirmed the immigration judge's (IJ) determination that Biocini's conviction for conspiracy to distribute cocaine under 21 U.S.C. § 846 is presumptively a particularly serious crime pursuant to *Matter of Y-L-*, 23 I.&N. Dec. 270 (AG 2002). We have jurisdiction to review questions of law pursuant to 8 U.S.C. § 1252(a)(2)(D), and we grant and remand the petition in part and dismiss the petition in part.

The BIA erred in applying *Matter of Y-L-* to the drug trafficking conviction. *See Miguel-Miguel v. Gonzales*, 500 F.3d 941, 951 (9th Cir. 941 (9th Cir. 2007). At the time Biocini pleaded guilty to her trafficking charge, Congress had enacted the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA). The Act provided that "Aggravated felonies for which an alien receives a sentence of imprisonment of five years or more are particularly serious crimes *per se*." *Blandino-Medina v. Holder*, No. 11-72081, 2013 WL 1442508, *5 (9th Cir. 2013) (footnote omitted). However, outside of this *per se* class, the agency is required "to conduct a case-by-case analysis of convictions falling outside the category." *Id.*; *see also* 8 U.S.C. § 1231(b)(3)(B)(iv) ("[T]he Attorney General [can determine] that, notwithstanding the length of sentence imposed, an alien has been convicted of a particularly serious crime."). As the time-line in *Blandino-*

*Medina* shows, the BIA was required to apply a case-by-case analysis to Biocini's conviction. *See* 2013 WL 1442508, *4-5.

Here, however, it is unclear whether the BIA applied a case-by-case analysis to her conviction. First, the BIA cited *Matter of Gonzalez*, 19 I.&N. Dec. 682, 684 (BIA 1988), for the proposition that at the time Biocini pleaded guilty her crime was *per se* a particularly serious crime. Given the precedent at the time and the 1996 amendments, this categorical determination by the BIA was error. *See Beltran–Zavala v. INS*, 912 F.2d 1027 (9th Cir. 1990); *see also Matter of L-S-*, 22 I. & N. Dec. 645 (BIA 1999) ("Under Section 241(b)(3)(B)(ii) of the Immigration and Nationality Act, 8 U.S.C. § 1231(b)(3)(B)(ii) (Supp. II 1996), a determination whether an alien convicted of an aggravated felony and sentenced to less than 5 years' imprisonment has been convicted of a 'particularly serious crime,' thus barring the alien from withholding of removal, requires an individual examination of the nature of the conviction, the sentence imposed, and the circumstances and underlying facts of the conviction.'); *id*. at 651 ("[I]n the absence of a rule that every conviction under a certain category of crimes constitutes a particularly serious crime, consideration of the individual facts and circumstances is appropriate."). While the BIA cited to *Matter of Frentescu*, 18 I.&N. Dec. 244 (BIA 1982), we cannot determine whether the BIA appropriately considered all

3

four of the factors. Given the BIA's legal errors and its failure to clearly address two of the four *Frentescu* factors, we remand so that the BIA can apply the *Frentescu* factors such that we may conduct a meaningful review of the decision. *See Afridi v. Gonzales*, 442 F.3d 1212, 1220 n.4 (9th Cir. 2006), *overruled on other grounds by Estrada-Espinoza v. Mukasey*, 546 F.3d 1147 (9th Cir. 2008) (en banc). The petitioners' remaining claims are dismissed.

The parties shall bear their own costs on appeal.

**PETITION FOR REVIEW DISMISSED in part; GRANTED in part; REMANDED.**

*Biocini v. Holder*, No. 08-74501

O'SCANNLAIN, Circuit Judge, dissenting in part.

While I agree with the majority that the remaining claims should be dismissed, I would hold that the BIA adequately explained its reasons for concluding that Biocini's drug trafficking offense qualified as a particularly serious crime. In its decision, the BIA cited to *Matter of Frentescu*, 18 I&N Dec. 244 (BIA 1982), and applied the various factors from that decision before determining that Biocini committed a particularly serious crime. Specifically, the BIA noted that Biocini had been convicted of a drug offense, that the offense involved trafficking between five and fifteen kilograms of cocaine, that she received a substantial sentence of thirty months' imprisonment, and that drug trafficking was "harmful to society" and an "antisocial activity . . . of a scope sufficient to trigger the severest immigration consequences."

Biocini argues that the BIA failed to make a specific determination that she was a danger to the community, but this argument misapprehends the BIA's decisions evaluating whether a crime qualifies as particularly serious. As the BIA clarified in *Matter of U-M-*, 20 I&N Dec. 327 (BIA 1991), which was decided before Biocini pleaded guilty to her offense and applied the *Frentescu* framework, "[S]ome crimes are inherently particularly serious, requiring no further inquiry into

1

the nature and circumstances of the underlying conviction. . . . [T]he crime of trafficking in drugs is inherently a particularly serious crime." *Id.* at 330 (citing *Matter of Gonzalez*, 19 I&N Dec. 682 (BIA 1988)). In addition, as the BIA noted in *Matter of Carballe*, 19 I&N Dec. 357 (BIA 1986), once the BIA finds that a crime is particularly serious, there is no "statutory requirement for a separate determination of dangerousness focusing on the likelihood of future serious misconduct on the part of the alien." *Id.* at 360.

Thus, I would deny in part and dismiss in part Biocini's petition for review.