O’SCANNLAIN, Circuit Judge,
dissenting in part.
While I agree with the majority that the remaining claims should be dismissed, I would hold that the BIA adequately explained its reasons for concluding that Biocini’s drug trafficking offense qualified as a particularly serious crime. In its decision, the BIA cited to Matter of Frentescu, 18 I. & N. Dec. 244 (BIA 1982), and applied the various factors from that decision before determining that Biocini committed a particularly serious crime. Specifically, the BIA noted that Biocini had been convicted of a drug offense, that the offense involved trafficking between five and fifteen kilograms of cocaine, that she received a substantial sentence of thirty months’ imprisonment, and that drug trafficking was “harmful to society” and an “antisocial activity ... of a scope sufficient to trigger the severest immigration consequences.”
Biocini argues that the BIA failed to make a specific determination that she was a danger to the community, but this argument misapprehends the BIA’s decisions evaluating whether a crime qualifies as particularly serious. As the BIA clarified in Matter of U-M-, 20 I. & N. Dec. 327 (BIA 1991), which was decided before Biocini pleaded guilty to her offense and applied the Frentescu framework, “[SJome crimes are inherently particularly serious, requiring no further inquiry into the nature and circumstances of the underlying *633 conviction.... [T]he crime of trafficking in drugs is inherently a particularly serious crime.” Id. at 380 (citing Matter of Gonzalez, 19 I. & N. Dec. 682 (BIA 1988)). In addition, as the BIA noted in Matter of Carballe, 19 I. & N. Dec. 357 (BIA 1986), once the BIA finds that a crime is particularly serious, there is no “statutory requirement for a separate determination of dangerousness focusing on the likelihood of future serious misconduct on the part of the alien.” Id. at 360.
Thus, I would deny in part and dismiss in part Biocini’s petition for review.